**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 04-4855

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS MCDANIEL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  Joseph Robert Goodwin,
District Judge.  (CR-04-39)

_____

Submitted:  July 27, 2005          Decided:  August 24, 2005

_____

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, George H. Lancaster, Jr., Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant. Kasey
Warner, United States Attorney, Joshua C. Hanks, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Travis McDaniel pled guilty, without a plea agreement, to possessing a stolen firearm under 18 U.S.C. § 922(j) (2000). His guideline range was six to twelve months of imprisonment. The district court, however, did not sentence McDaniel to a term of imprisonment. Rather, the court sentenced McDaniel to sixty months of probation, conditioned on a six-month term of home confinement under U.S. Sentencing Guidelines Manual § 5B1.1(a)(2) (2003). On appeal, McDaniel argues that the district court was not required to impose the home confinement condition for his sentence of probation.

McDaniel clearly objected in the district court to the mandatory nature of the Federal Sentencing Guidelines, relying on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), as authority for his position. Since the parties have filed their briefs, the Supreme Court has expanded its decision in Blakely. See United States v. Booker, 125 S. Ct. 738 (2005). In Booker the Supreme Court held that the mandatory manner in which the Federal Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing

- 2 -

courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. Booker, 125 S. Ct. at 756-67 (Breyer, J., opinion of the Court). This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (citing Booker, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

Because McDaniel timely objected below to the mandatory imposition of the Guidelines to his sentence, we review for harmless error.[1] The Government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). The Government does not meet this burden because the district court gave no indication of how it would have sentenced McDaniel if it had appreciated that it was not bound by the guidelines. We would have to speculate that the district court's error in thinking itself bound by the guidelines did not

_____

[1]Indeed, the district court agreed at the sentencing hearing to stay execution of McDaniel's home confinement pending appeal of the issue. (J.A. 19).

affect the sentence.  In light of <u>Booker</u>, we vacate McDaniel's sentence and remand the case for resentencing.[2]

Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines.  <u>See</u> <u>Hughes</u>, 401 F.3d at 546 (applying <u>Booker</u> on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  <u>Id.</u> & n.5. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West Supp. 2005).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u> at 547.

Accordingly, we affirm McDaniel's conviction, which he does not contest, but vacate and remand for resentencing in accordance with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in

---

[2]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of McDaniel's sentencing.

- 4 -

the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED
